Breitel, J. (dissenting).
This case is another in which the court backtracks on its principle to the effect that a defendant in a pending criminal action is entitled to the advice of a lawyer and that the right may not be waived except ih the presence and with the acquiescence of counsel. To be distinguished is the investigative interrogation of a suspect before a criminal action is instituted with respect to which the Supreme Court imposed its mandate (Miranda v. Arizona, 384 U. S. 436).
The right to a lawyer in a criminal action is as esteemed and valued a constitutional right as the privilege against self-incrimination (People v. Donovan, 13 N Y 2d 148, 151). Progressively, this court, well in advance of the United States Supreme Court, defined the stage at which a criminal action incepted with the right to counsel, again as distinguished from the investigation which precedes the criminal action (People v. Di Biasi, 7 N Y 2d 544, 549-551 [upon surrender by lawyer after *27 indictment]; People v. Waterman, 9 N Y 2d 561, 564—566 [after indictment without more, in which it was observed that it was not necessary for defendant to insist upon his lawyer’s presence]; People v. Meyer, 11 N Y 2d 162, 164-165 [after arraignment before indictment]; People v. Rodriguez, 11 N Y 2d 279, 284 [before adjourned arraignment after information filed]; People v. Bodie, 16 N Y 2d 275 [after warrant issued, but holding counsel could be waived]). The rules were not sparingly but generously applied to protect defendants in full-fledged criminal actions (People v. Malloy, 22 N Y 2d 559, 566-567 [after information but before indictment with purported “waiver ” of counsel rejected]; People v. Gunner, 15 N Y 2d 226, 231-232 [prior to arraignment but after information filed and lawyer retained]; People v. Friedlander, 16 N Y 2d 248, 250 [after arraignment in absence of counsel]; People v. Robinson, 13 N Y 2d 296, 301 [excluding statements in the absence of counsel made after a sham vagrancy arraignment]; cf. People v. Paulin, 25 N Y 2d 445, 450).* A quite different rule has been applied, understandably, where unrelated criminal charges are involved and counsel has not been retained or a criminal action begun in the matter in relation to which the statements were obtained (People v. Simons, 22 N Y 2d 533, 539; People v. Stanley, 15 N Y 2d 30, 32-33).
In due order the court in a preindictment but postarrest situation, held that where a lawyer “ enters the proceeding, the police may not question the defendant in the absence of counsel unless there is an affirmative waiver, in the presence of the attorney, of the defendant’s right to counsel” (People v. Arthur, 22 N Y 2d 325, 329). Even the failure to object to the admissions being used in evidence was held immaterial because there was involved a ‘ ‘ deprivation of a fundamental constitutional right ” (id.). Indeed, a short time before, the court had held that a defendant could not “ waive ” his right to counsel when questioned about a crime related to that on which he had been arraigned and had counsel (People v. Vella, 21 N Y 2d 249, 251; contra, People v. Bodie, supra, thus constituting the first time that the Bodie case was qualified, see infra). A unanimous *28 court, except for the Chief Judge who concurred in result only, accepted a plain and unqualified restatement of these principles (People v. Miles, 23 N Y 2d 527, 542; cf. People v. Stephen J. B., 23 N Y 2d 611, 616). Strangely, in the light of other developments to be described shortly, the court again agreed quite recently upon a restatement of these principles (People v. Hetherington, 27 N Y 2d 242, 244-245).
Having marched up the mountain, the direction has been reversed and the march is now evidently downhill. In People v. Stockford (24 N Y 2d 146), in omen of the shift, it was said that: ‘1 This court has held the issuance of a warrant is the commencement of a criminal proceeding (People v. Bodie, 16 N Y 2d 275; People v. Malloy, 22 N Y 2d 559) but this stage of the proceeding has not yet been fully equated to that which would exist where, after arraignment and the appearance of counsel in a court, the police attempted to question a defendant not in the presence of that counsel. (See, e.g., People v. Di Biasi, 7 N Y 2d 544, where after indictment defendant had been surrendered by counsel who appeared for him; Spano v. New York, 360 U. S. 315, revg. 4 N Y 2d 256; and People v. Gunner, 15 N Y 2d 226, where the indictment was regarded as part of a formally instituted criminal action.) Nor may an information used to obtain an arrest warrant be regarded as the equivalent of the formal triable document which initiates a misdemeanor prosecution. (See, e.g., People v. Jeffries, 19 N Y 2d 564, 566-567.) To this extent we qualify our holding in People v. Bodie (supra, pp. 278-279).” (p. 148). Then, of course, came People v. Robles (27 N Y 2d 155,159-160) in which the attenuated theory of waiver is strained further and the rule in the Arthur case (supra) is emaciated beyond recognition. Now, there is this case, based on waiver, with resurrection of the much-qualified Bodie case (supra).
Whatever vitality a waiver rule might have under the Miranda doctrine, other considerations require a contrary rule in the area of postarraignment and postindictment interrogation. After criminal action is begun, it is no longer a general inquiry into an unsolved crime but rather a form of pretrial discovery; it is no longer a suspect who is being interrogated but the accused; the interest in affording the police an opportunity to carry on investigatory interrogation for purposes of reaching a *29 decision to charge and in what degree is diminished. In short, the defendant is the all but irrevocable target and the preparation for his trial has begun.
In permitting a theory of waiver of counsel by an uncounselled defendant held incommunicado to be imported into this stage of the proceedings, not only is the right to counsel debased or negated, but, perhaps even worse, the self-restraining and wise self-discipline of stare decisis is trod under by distinctions of gossamer thinness and transparency.
Putting aside jurisprudential principles, the practical effect is unfortunate. It seems elementary that in the protection of individuals (even in civil matters, let alone in criminal matters) waivers obtained in a pending action in the absence of counsel are, in truth, a denial of the right to counsel in that action. The denial is the more egregious where counsel is already retained or assigned, but the frustration of the right may be as grave if the waiver comes on the very eve of the inevitable retainer or assignment of counsel as is now the case in criminal actions. Lip service is paid to the right, to be sure, and counsel will be provided, but not until persons, already defendants in criminal actions, have first confessed under the most transparently manipulated ‘ ‘ voluntary ’ ’ waivers of 1 ‘ known rights. ’ ’ Surely, if Mr. Justice Jackson was right that no lawyer worth his salt would advise a suspect to talk without counsel present,* no lawyer would permit his client in a criminal action to confess in the lawyer’s absence.
It is difficult to perceive what public policy is served by such mercurial shifts in the interpretation of constitutional principles, or what benefit there is to the protection of the public or the individuals of which it is composed. Even legislative policy is more stable than that. Stable rules of law protect all even if at different times they would seem to deny ‘ ‘ rights ’ ’ to defendants or “ protection” to the public.
Accordingly, I dissent and vote to reverse the judgment of conviction and to order a new trial on the ground that the confession obtained after indictment was not admissible because obtained in a pending criminal action in the absence of counsel and without counsel’s consent.
*30 Judges Soileppi, Jasen and Gibson concur with Judge Bergan ; Judge Breitel dissents and votes to reverse in a separate opinion in which Chief Judge Fuld and Judge Burke concur.
Judgment affirmed.

 See, also, to similar effect: People v. Ressler (17 N Y 2d 174, 178); People v. Failla, (14 N Y 2d 178, 180-182), a particularly spirited defense of the right to counsel, but compare concurring opinion as to waiver at page 183.

 Watts v. Indiana (338 U. S. 49, 59).